UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARROLL DIANE HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV1368MLM |
| ) | |
| ST. ANTHONY'S PHYSICIAN ) | |
| ORGANIZATION and ST. ANTHONY'S ) | |
| MEDICAL CENTER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss filed by Defendants' St. Anthony's Physician Organization and St. Anthony's Medical Center. Doc. 27. Plaintiff Diane Hunter filed a Response. Doc. 29. Defendants filed a Reply. Doc. 30. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 18.

### LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

(2009) (citing Twombly, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950 (citing Twombly, 550 U.S. at 556). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949 (quoting Twombly, 550 U.S. at 555). See also Hamilton v. Palm, 621 F.3d 816, 818 (8th Cir. 2010) ("[A]n allegation in any negligence claim that the defendant acted as plaintiff's 'employer' satisfies Rule 8(a)(2)'s notice pleading requirement for this element.").

Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 550 U.S. at 555-56. See also Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.'") (quoting Stalley v. Catholic Health Initiative, 509 F.3d 517, 521 (8th Cir. 2007)).

Additionally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 550 U.S. at 556 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

2

To the extent it has been argued that Twombly is applicable only in the anti-trust context, the Court in Iqbal, 129 S.Ct. 1937, made it clear that Twombly is applicable in a broader context.

## BACKGROUND and DISCUSSION

Plaintiff brings Count I of her Amended Complaint pursuant to the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq. In Count I of her Amended Complaint, Plaintiff alleges as follows: on November 1, 2009, Plaintiff filed charge of discrimination with the Equal Employment Opportunity Commission (EEOC); on July 7, 2011, the EEOC issued a "notice of right to sue," entitling Plaintiff to commence an action regarding her claims under the ADA; Plaintiff suffers from scleroderma and Raynaud's (Plaintiff's Conditions); Plaintiff's Conditions are substantially limiting "in variety of her major life activities" and, therefore, qualify as a disability under the ADA; Defendants knew of Plaintiff's Conditions and knew that they were disabling, and/or regarded her as disabled; Plaintiff was qualified to perform the essential functions and duties of her jobs with Defendants, which jobs were Office Manager and Senior Referral Specialist; due to Plaintiff's Conditions, Plaintiff required that her office work area maintained an appropriate temperature level; Defendants failed to maintain Plaintiff's office work area at an appropriate temperature level; Plaintiff requested, on numerous occasions, that the temperature in the area be adjusted and she requested that she be moved to a warmer area of the office; Plaintiff was not allowed, by office policy, to have a space heater, which would have maintained the appropriate temperature; Defendants failed to accommodate Plaintiff's requests in this regard; Plaintiff could have performed her job duties with accommodation; on March 19, 2009, Plaintiff was terminated from her employment with Defendants; Defendants' decision to terminate Plaintiff was motivated by the fact that Plaintiff was disabled within the meaning of the ADA; and that Defendants' decision to

terminate Plaintiff was "retaliatory ... due to Plaintiff's request for a reasonable accommodation." Doc. 24.[1]

In the pending Motion, Defendants seek to dismiss Plaintiff's retaliation claim in Count I. Defendants seek dismissal of this allegation on the ground that Plaintiff failed to exhaust her administrative remedies.[2] Plaintiff argues that she did exhaust her administrative remedies in regard to her retaliation claim.

The ADA requires a plaintiff alleging a violation of the ADA to exhaust her administrative remedies by filing a Charge of Discrimination with the EEOC. See Randolph v. Rodgers, 253 F.3d 342, 347 n.8 (8th Cir. 2001). "Before the federal courts may hear a discrimination claim, an employee must fully exhaust her administrative remedies." Burkett v. Glickman, 327 F.3d 658, 660 (8th Cir. 2003). "Because persons filing charges with the EEOC typically lack legal training, those charges must be interpreted with the utmost liberality in order not to frustrate the remedial purposes of [the ADA]." Cobb v. Stringer, 850 F.2d 356, 359 (8th Cir.1988) (citing E.E.O.C. v. Michael Construction Co., 706 F.2d 244, 248 (8th Cir.1983)). "Accordingly, the sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC investigation 'which could reasonably be expected to grow out of the charge of discrimination.'" Id. (quoting Griffin v. Carlin, 755 F.2d 1516, 1522 (11th Cir.1985)). The Eighth Circuit has explained, in Duncan v. Delta Consolidated Industries, Inc., that to allow "'a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC

---

[1] In Count II of her Amended Complaint, Plaintiff alleges that Defendants violated the Employee Retirement Income Security Act (ERISA). The pending Motion to Dismiss does not address Count II.

[2] Defendants do not seek to dismiss other aspects of Count I.

4

charge.'" 371 F.3d 1020, 1024 (8th Cir. 2004) (citing Williams Little Rock Mun. Water Works, 21 F.3d 218, 223 (8th Cir. 1994) (quoting Babrocky v. Jewel Food Co. & Retail Meatcutters, 773 F.2d 857, 863 (7th Cir.1985)).

A complainant's failure to "check the box next to 'Retaliation' on the [EEOC] complaint form" and the failure to allege "any facts in the complaint form connecting" the conduct alleged on the Charge of Discrimination form to conduct alleged before a court establishes that complainant has not exhausted her administrative remedies. Bainbridge v. Loffredo Gardens, Inc., 378 F.3d 756, 760 (8th Cir. 2004). See also Williams, 21 F.3d at 223. Specifically, a claimant cannot rely on her checking the box for a disability claim "to show that she exhausted her administrative remedies with respect to her retaliation claim because 'it is well established that retaliation claims are not reasonably related to underlying discrimination claims.'" Russell v. T.G. Missouri Corp., 340 F.3d 735, 747-48 (8th Cir. 2003) (quoting Wallin v. Minn. Dep't of Corrections, 153 F.3d 681, 688 (8th Cir.1998)). In Russell, where the plaintiff did not check the box indicating a retaliation claim, the court did consider whether the plaintiff's retaliation charge was "reasonably related to, or [grew] out of, the statement in the administrative charge." Id. at 748. The question, therefore, was whether the entire text of the charge, and not merely the boxes checked or the claims alleged therein, provided "sufficient notice of [a] retaliation claim." Id.

On the EEOC Charge of Discrimination form, Plaintiff in the matter under consideration checked only the box indicating that her allegation of discrimination was based on "disability"; she did not check the box indicating her charge of discrimination was based on "retaliation." Def. Ex. 1. On the Charge of Discrimination form, in the area designated for providing "the particulars," Plaintiff also stated that she voluntarily gave up her position of Office Manager and became Senior Biller; that she worked as Senior Biller for the last four months she was employed by Defendants; that she has

5

a disability; and that she "had previously requested a reasonable accommodation that was denied."

Def. Ex. 1. Plaintiff further stated in the area designated for providing "the particulars" that:

> In December of 2008, Jackie Timmons became my supervisor after she took over the Office Manager position that I vacated. Jackie Timmons gave me a disciplinary action in January of 2009 and then one in February of 2009 ... . I had no previous disciplinary actions.
>
> In January of 2009 the situation with my disability escalated and I again requested a reasonable accommodation. This accommodation was also denied.
>
> I believe that I was discriminated against, in violation of [the ADA] by being denied a reasonable accommodation and then terminated from my position.

Def. Ex. 1.

The EEOC's investigatory notes reflect that Plaintiff said that after she complained about the temperature, on January 20, 2009, to her supervisor, Jeanne Thoma, Thoma told her "that if she had a medical condition there was a law that [Defendants] had to regulate the temperature." [3] Pl. Ex. 1. Investigatory notes further reflect that Plaintiff said that "[i]n 2/2009 a team came to check the temperature. The office needed a whole new system. Thoma told [Plaintiff] that to fix the system would be very expensive. Nothing else was said about fixing the temperature." Pl. Ex. 1. The EEOC's investigatory notes further state that Defendants' position was that Plaintiff never told Office Manager, Jackie Timmons, she had a disability and needed accommodation; that Plaintiff only told Timmons that it was cold and that it made it difficult to write sometimes because Plaintiff had Raynaud's disease; that Plaintiff was told she could bring a heater; that Timmons discussed changing work stations with Plaintiff, "but decided that [Plaintiff] would be most comfortable in her work

---

[3] The court does note that the Eighth Circuit holds that the EEOC's notes from an interview with a complainant are "not part of the administrative complaint or charge" and that this "document is irrelevant to the question of whether [a plaintiff] exhausted her administrative remedies." Russell v. T.G. Missouri Corp., 340 F.3d 736, 747 (8th Cir. 2003).

6

space"; that it was Defendants' belief that Plaintiff brought a heater to work; and that there was no other discussion about heat.[4] Pl. Ex. 1.

Not only did Plaintiff fail to check the box indicating she was alleging retaliation, but her description of Defendants' conduct on the EEOC Charge of Discrimination form does not to reflect that Plaintiff alleged retaliation. See Bainbridge, 378 F.3d at 760; Russell, 340 F.3d at 747-48. Considering the entire text of the EEOC Charge, it cannot be said that Defendants were given sufficient notice that Plaintiff alleged retaliation. See Id. at 748. Further, because Plaintiff failed to check the box indicating retaliation and because "the particulars" provided by Plaintiff do not reflect that Plaintiff alleged retaliation in her EEOC Charge, the court finds that Plaintiff's retaliation claim in Count I is not reasonably related to and did not grow out of the discrimination claim made in her EEOC charge. See id.; Cobb, 850 F.2d at 359.[5] As such, the court finds that Plaintiff has failed to

---

[4] EEOC investigatory notes also reflect that Defendants said that, on March 19, 2009, Plaintiff "had a second HIPPA violation and was terminated from her position" and that Plaintiff's HIPPA violations involved Plaintiff's "mailing a referral form to the wrong patient." Pl. Ex. 2.

[5] Plaintiff's reliance on Nichols v. American National Insurance, 154 F.3d 875, 866 (8th Cir. 1998), in support of her position that she exhausted her administrative remedies in regard to her retaliation claim is misplaced. In her EEOC charge, the plaintiff in Nichols alleged discrimination based on her gender. In particular, the plaintiff alleged incidents of sexual harassment by her supervisor. In her federal lawsuit, the plaintiff also alleged sexual harassment and constructive discharge. Not only did the plaintiff in Nichols allege conduct on the part of her supervisor before the federal court, but the plaintiff also alleged sexual harassment on the part of her district manager and others. The court concluded that the violations by persons other than the plaintiff's supervisor fell within the scope of the defendant's discriminatory pattern and practice and that they were part of a continuing violation. The court found, therefore, that the plaintiff in Nichols had exhausted her administrative remedies. The matter under consideration does not involve a continuing violation. Moreover, the retaliation claim Plaintiff makes before this court alleges conduct which differs from that alleged in the EEOC charge, where Plaintiff alleged discrimination based on disability. As such, Nichols is clearly distinguishable from Plaintiff's case.

exhaust her administrative remedies in regard to her retaliation claim in Count I and that Defendants' Motion to Dismiss should be granted. See Burkett, 327 F.3d at 660; Randolph, 253 F.3d at 347 n.8.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED**; Doc. 27

**IT IS FURTHER ORDERED** that Plaintiff's retaliation claim in Count I of her Amended Complaint is **DISMISSED**.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of April, 2012.